**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **DANE ROBERT KOEPP** | **CIVIL ACTION** |
| **VERSUS** | **NO.  13-4894** |
| **BURL CAIN, WARDEN** | **SECTION "I"(4)** |

### REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an Evidentiary Hearing if necessary, and to submit Proposed Findings and Recommendations pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**.  Upon review of the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.  *See* 28 U.S.C. § 2254(e)(2).[1]

### I.    Factual and Background

The petitioner, Dane Robert Koepp ("Koepp"), was incarcerated in the Louisiana State Penitentiary in Angola, Louisiana.[2] On May 27, 2009, Koepp was charged by felony bill of information with one count of driving while intoxicated ("DWI"), in violation of La. Rev. Stat. § 14:98, for operating a vehicle while under the influence of alcohol and one or more drugs, as a fourth offense. The Bill of Information further noted that Koepp had been previously convicted of

---

[1]Under Title 28 U.S.C. § 2254(e)(2), an Evidentiary Hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2]Rec. Doc. No. 1, p. 30.

the offense of DWI on April 16, 1999, March 5, 2001, and December 16, 2002, all occurring in Jefferson Parish, Louisiana.[3]

On October 12, 2010, Koepp filed a Motion to Quash the Bill of Information for the second offense for which he was convicted on April 7, 1999, docket number 98-4641, alleging that because he was indicted for a third offense in 1997, for which he served one year prison sentence, on March 5, 2001, docket number 01-3348; when he was charged with a fourth offense of DWI, the prior convictions from docket number 98-4641, were improperly used to enhance his sentence, as his fourth offense in 01-3348 was reduced to a third offense after he served seventeen months in prison.[4]

Therefore, when he received his fourth DWI charge, on December 16, 2002, docket number 02-5713, he contends that he was sentenced to a ten year sentence, suspending all but two years - and that the May 27, 2009 conviction was premised on convictions that were previously used to enhance the offense, which constitutes duplicitous charges.  He therefore contends that because the State previously used those convictions against him, the State cannot use them now as enhancements to a subsequent conviction. As such, Koepp contends that he was subjected to a form of "double enhancement."[5]

At the hearing on the Motion to Quash, the State produced evidence of the underlying facts for the three predicate convictions and the sentences imposed.[6] In a supplemental motion to quash, as well as during the hearing, Koepp contended that he did not have access to the transcripts of the

---

[3] St. Rec. Vol. 1 of 4, Bill of Information, 05/4/09.

[4] St. Rec. Vol. 1 of 4, Motion to Quash, 10/12/10.

[5] St. Rec. Vol. 1 of 4, Motion to Quash, 10/12/10.

[6] St. Rec. Vol. 1 of 4, Hearing Transcript, Motion to Quash, 12/13/10.

*Boykin* proceedings to challenge the State's representation that he  is properly charged as a fourth DWI offender.[7]

Koepp specifically alleged that his plea in Docket Number 98-4641, in the Twenty-Fourth Judicial District Court for the Parish of Jefferson, for an offense which occurred on June 13, 1998 and a conviction date of April 7, 1999 was constitutionally infirm.  He contends that he was not properly advised of his rights and did not understand the nature of what he was informed of such that the plea in that matter could not be used to enhance this sentence.[8]

The State offered the minutes of the proceedings into evidence. The Court reviewed the minutes in connection with Koepp's prior pleas, including the plea forms that Koepp signed, along with his counselor and the judge.[9] After reviewing this evidence, the Court held that the information offered as evidence of the predicate offenses, including the written forms, and the minutes of the proceedings were sufficient  to establish proof of prior convictions. As such, the Court denied Koepp's motion to quash.[10]

On December 13, 2010, Koepp withdrew his not guilty plea and entered a plea of guilty under *Crosby*.  Thereafter, the Court sentenced Koepp to ten years in the Department of Corrections,

---

[7]Koepp pled guilty on April 7, 1999 to two counts of third-offense DWI.  The sentences imposed for the convictions provided Koepp with the benefit of suspension of part of the sentence, home incarceration and participation in a court-approved substance abuse program. *See* St. Rec. Vol. 1 of 4, Transcript of the Proceedings of 12/13/10.

[8]*See* St. Rec. Vol. 1 of 4, Transcript of the Proceedings of 12/13/10.

[9]*Id.*

[10]*Id.*

consecutive to the sentence he was serving at the time of the 2010 sentence.[11] The Court further advised Koepp that he had two years to file an Application for Post Conviction Relief.[12]

On February 2, 2011, fifty-one (51) days after the sentencing, Koepp filed a Notice of Appeal with the First Circuit Court of Appeals.[13] On June 7, 2011, the Court of Appeals dismissed Koepp's appeal as untimely under La. Code of Crim. P. art. 914.[14]

On June 23, 2011, Koepp filed a Petition and Request for an Out of Time Appeal.[15]  On July 14, 2011, a notice was issued granting Koepp an appeal from the December 13, 2010[16] sentence, which was returnable to the First Circuit Court of Appeal on September 27, 2011.[17]

On October 31, 2011, Koepp's filed his appeal brief, raising three issues:[18]

1.     The sentence imposed was a constitutionally excessive sentence even though mandated by statute.

2.     The court erred in failing to consider the sentencing factors of La. Code Crim. P. Art. 894.1.

3.     That his counsel was ineffective for failing to file a motion to reconsider the sentenced which resulted in prejudice to Koepp.

_____

[11]St. Rec. Vol. 4 of 4, Sentencing Minutes, 12/13/10.

[12]*Id.*

[13]St. Rec. Vol. 1 of 4, Notice of Appeal, 02/07/11.

[14]St. Rec. Vol. 2 of 4, Appeal Order, 06/8/11.

[15]St. Rec. Vol. 2 of 4, Petition and Request for an Out of Time Appeal, 06/23/11.

[16]The state court record erroneously referred to the date as December 13, 2011, rather than December 23, 2010.

[17]*See supra,* n. 13; *see also* St. Rec. Vol. 2 of 4, Clerk of Court Letter, 07/26/11.

[18]St. Rec. Vol. 4 of 4, Appeal Decision, First Circuit Court of Appeal, 2011-KA-1623, 10/31/11.

4

On May 2, 2012 the First Circuit Court of Appeal affirmed the conviction and sentence.[19] Koepp's conviction and sentence became final thirty (30) days later, on Friday, June 1, 2012,[20] because he did not file for rehearing or timely seek review in the Louisiana Supreme Court. *Butler v. Cain*, 533 F.3d 314 (5th Cir. 2008) (appeal is final when the state defendant does not timely proceed to the next available step in an appeal process) (citing *Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003)).

Koepp filed an Application for Post Conviction Relief on July 11, 2012, which he signed on June 18, 2012.[21] The Application for Post- Conviction Relief was denied on August 6, 2012 and Koepp filed a Notice of Appeal which was denied on September 6, 2012.[22] On October 4, 2012, Koepp filed a writ application with the First Circuit Court of Appeal, challenging the denial of his Application for Post Conviction Relief. The First Circuit Court of Appeal denied Koepp's application for supervisory writs on December 3, 2012.[23] He then filed a writ application with the Louisiana Supreme Court. On May 24, 2013, the Louisiana Supreme Court also denied Koepp's Writ Application.[24]

---

[19]St. Rec. Vol. 3 of 4, Appeal Decision, First Circuit Court of Appeal, 2011-KA-1623, 05/02/12.

[20] *See* La. Code Crim. P. art. 13.

[21]St. Rec. Vol. 3 of 4, Application for Post Conviction Relief, 07/10/12.

[22]St. Rec. Vol. 3 of 4, Denial of Application for Post Conviction Relief, 08/06/12; Notice of Appeal, 09/06/12.

[23]St. Rec. Vol. 3 of 4, Letter from Clerk of First Circuit Court regarding receipt of Writ, 10/4/12; Denial of Writ Application, 12/03/12..

[24]St. Rec. Vol. 3 of 4, Louisiana Supreme Court Writ Denial, 2013-KH-0026, 05/24/13; *State ex rel. Koepp v. State*, 116 So. 3d 662 ( La. 05/24/2013)

## II.   <u>Federal Petition</u>

On June 17, 2013, Koepp signed the Petition for Writ of Habeas Corpus which was filed by the Clerk of Court on June 21, 2013.[25] Since that time, the record evidences that Koepp has been released and is no longer in prison. *See* Rec. Doc. No. 16, Change of Address Form, Dated 10/22/13.

Koepp alleges that his conviction for a Fourth Offense DWI was unlawful because the evidence used to support the predicate offense should not have been used. Therefore, Koepp contends that this error resulted in an excessive sentence. Koepp clarified in his petition that although he sought to maintain his guilty plea, he did not want it to be charged with a Fourth Offense.

The State filed an Answer to Koepp's petition on August 30, 2013, denying each allegation asserted in Koepp's habeas petition, but conceding that Koepp's petition was timely filed,[26] as he signed his application for post conviction relief on June 18, 2012, which interrupted the running of the one year time period until May 24, 2013, when the Louisiana Supreme Court denied his writ application. *See e.g.,* Rec. Doc. No. 9, pp. 3-4. Koepp signed his habeas petition with this Court on June 17, 2013, thus it is timely filed for purposes of 28 U.S.C. §2244(d)(2); citing *Flanagan v. Johnson,* 154 F.3d 196 (5th Cir. 1998).

The State also conceded that Koepp exhausted his state court remedies, in accordance with 28 U.S.C. § 2254(b) and (c), as he raises one issue in his petition, that the state court erred in denying his motion to quash one of his predicate convictions, which was raised in the related writ applications he filed with the Louisiana appellate courts, as well as his application for post-

---

[25]Rec. Doc. No. 3, Petition for Writ of Habeas Corpus, 06/21/13.

[26]*See* Rec. Doc. No. 8, p. 1.

conviction relief. *See Graham v. Johnson,* 94 F.3d958 (5th Cir. 1996). *See also Alexander v. Johnson,* 163 F.3d 908 (5th Cir. 1998).[27] Thus, the State properly concedes that Koepp has exhausted his state court remedies.

The State therefore contests Koepp's one claim that he was erroneously adjudicated as a fourth offender DWI, on the ground that it is not one properly brought in a federal habeas action. Specifically, the State contends that the claim is not properly before the Court because it requires an application and interpretation of Louisiana's habitual offender statute, which is an issue of state law that the federal courts leave to the Louisiana Supreme Court.[28] Thus, the State argues that Koepp's petition should be denied.

The Court however does not address the substance of the parties arguments because the record evidences that Koepp is no longer in custody, which will be addressed in detail below.

## III.   General Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[29] applies to Koepp's petition, which is deemed filed in this court under the federal "mailbox rule" on June 17, 2013.[30] The threshold questions in habeas review under the

---

[27]*See* Rec. Doc. No. 9, p. 4.

[28]*See e.g.,* Rec. Doc. No. 9, p. 6.

[29]The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). The AEDPA, signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

[30]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting *pro se*. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). The clerk of court filed Koepp's federal habeas petition on June 21, 2013, when the filing fee was paid. Koepps dated his signature on the petition on June 17, 2013. This is the earliest date on which he could have delivered it to prison officials for mailing. The fact that he paid the filing fee on a later date does not alter the application of the federal mailbox rule to his pro se petition. *See Cousin v. Lensing*, 310 F.3d 843, 843 (5th Cir. 2002) (mailbox rule applies even if inmate has not paid the filing fee at the time of mailing)

amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)). The State concedes that Koepp's petition is timely filed and that he has exhausted the available state court remedies by raising the state court's alleged error in denying his motion to quash at every level of the review process. Upon review of the record, the Court agrees that Koepp's petition is timely filed, and has been properly exhausted. [31] Thus, the Court shall proceed with an analysis of the merits of the matter.

## IV.   Custody and Mootness

Koepp alleges that the predicate conviction in Docket Number 98-4641, which was adjudicated in the Twenty-Fourth Judicial District Court for the Parish of Jefferson, should not have been used to enhance the subsequent conviction as a Fourth offense DWI, because (1) there was no transcript of the proceeding, and (2) because the minutes from the State Court proceedings did not prove the *Boykin* colloquy occurred prior to Koepp's entry of a plea. *See e.g.,* Rec. Doc. No. 1. Koepp contends that a minute entry does not constitute a contemporaneous record of a guilty plea. Thus he contends that because he challenges the minute entry, the burden of proof shifts to the State.

In opposition, the State contends that Koepp's claim is one that is not properly brought in a federal habeas action. Specifically, the State contends that Koepp's assertion that the trial court erred in denying the motion to quash one of his predicate convictions, requires an application and interpretation of Louisiana's habitual offender statute, which is an issue of state law that the federal

---

(citing *Spotville*, 149 F.3d at 374).

[31]The record reflects that Koepp was granted the opportunity to file an out of time appeal.  In such an instance, the judgment becomes final on the conclusion of direct review or the expiration of the time for seeking such review of that appeal. *Jimenez v. Quarterman,* 555 U.S. 113, 121 (2009).

courts leave to the Louisiana Supreme Court.[32] As such, the State argues that its failure to follow its own sentencing procedures is not review able through federal habeas corpus proceedings.[33] Instead, the State suggests that the federal court's analysis must focus on due process concerns, and the court should only grant the writ when the errors of the state court made the underlying proceeding fundamentally unfair.[34] Thus, the State argues that Koepp's petition should be denied.

Here, the record indicates that, while this Court has jurisdiction, Koepp's habeas petition has been rendered moot for the following reasons. Title 28 U.S.C. § 2241(d) "gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are in custody in violation of the Constitution or laws or treaties of the United States." (emphasis added) (internal citations omitted). *Brown v. Spinney*, No. 12-2538, 2013 WL 6044369 at*4 (E.D. La. Nov. 14, 2013); *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (*quoting* 28 U.S.C. § 2241(c)(3)); 28 U.S.C.§ 2254(a); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir.1987) (To be eligible for federal habeas corpus relief, a petitioner must be "in custody" and have exhausted state court remedies). The United States Supreme Court has interpreted this statutory language to require that the habeas petitioner be "in custody" for the conviction or sentence under attack at the time the current petition is filed. *Brown* , 2013 WL 6044369 at*4; citing *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001); *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (whether a petitioner is "in custody" is determined as of the date on which the habeas petition is filed); *Maleng*, 490 U.S. at 490-91 (citing *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)); *Port v. Heard*, 764 F.2d 423, 425 (5th Cir.1985).

---

[32]*See e.g.,* Rec. Doc. No. 9, p. 6.

[33]R. Doc. 9, Memorandum in Opposition to Application for Habeas Corpus, 08/30/13.

[34]*Id.* citing *Brooks v. Tanner,* No. 09-3441, 2011 WL 1212921 (E.D. La. Mar. 29, 2011).

The *Maleng* Court further held that a habeas petitioner is not considered to be " 'in custody' when his sentence has expired for the challenged conviction and there are no collateral consequences left to constrain him." *Brown,* 2013 WL 6044369 at*4; *Maleng*, 490 U.S. at 492 (citing *Carafas*, 391 U.S. at 238); *cf. Hendrix v. Lynaugh*, 888 F.2d 336, 338 (5th Cir.1989) (adverse consequences of expired sentence, including possibility that conviction may be used to impeach future testimony and enhance future punishment, held insufficient to satisfy the "in custody" requirement of §2254); *accord Steverson v. Summers*, 258 F.3d 520, 524 (6th Cir.2001); *Pleasant v. State*, 134 F.3d 1256, 1258 (5th Cir.1998). While recognizing that a prisoner need not be physically confined to still be "in custody," the Court noted:

> We have never held, however, that a habeas petitioner may be "in custody" under a conviction when the sentence imposed for that conviction has fully expired at the time his petition is filed. Indeed, our decision in *Carafas v. La Vallee, supra*, strongly implies the contrary.

*Brown,* 2013 Wl 6044369 at *5; citing *Maleng*, 490 U.S. at. 491. This means that "the adverse collateral consequences of a conviction do not necessarily render an individual 'in custody' for purposes of federal habeas relief for purposes of§ 2254." *Brown,* at *5; citing *Maleng*, 490 U.S. at 492.

In this case, the record indicates that Koepp was in custody, i.e. incarcerated in the Louisiana State Penitentiary in Angola, Louisiana, serving the sentence for his Fourth Offense DWI at the time of his filing the instant habeas corpus petition. Since that time, the record indicates that Koepp has been released and is no longer in prison. *See* Rec. Doc. No. 16, Change of Address Form, Dated 10/22/13. Nevertheless, once the jurisdictional prerequisite of custody is met at the time of filing, it is not lost, and "jurisdiction is not defeated, merely by the petitioner's subsequent release from custody." *Brown,* at *5; citing *Carafas*, 391 U.S. at 238; *Port*, 764 F.2d at 425. In this case, the record establishes that Koepp was incarcerated and in custody on the date he filed this federal

petition for habeas corpus relief. The custody requirement appears to have been met at the time of filing. The fact that he was subsequently released from prison does not divest this court of jurisdiction over this federal petition.

However, even where jurisdiction is not lost, a habeas petition may be rendered moot, when "by subsequent events, the Court cannot grant the relief requested by the moving party." *Salgado v. Federal Bureau of Prisons,* 220 F. App'x 256, 257 (5th Cir.2007) (citing *Brown v. Resor,* 407 F.2d 281, 283 (5th Cir.1969) and *Bailey v. Southerland,* 821 F.2d 277, 278 (5th Cir.1987)). The Supreme Court has recognized that an unconditional release from prison can render a federal habeas petition moot. *Spencer v. Kemna,* 523 U.S. 1, 7 (1998). In addition, dismissal of the criminal proceedings against the petitioner leaves nothing left to challenge and renders the habeas petition moot. *See Smith v. Bogan,* 31 F. App'x 152, 2001 WL 1747885, at *1 (5th Cir. Dec. 11, 2001). Both causes appear to be the case here.

Here, Koepp was released in October 2013, and is no longer incarcerated, the Court finds that there are no collateral consequences left to restrain him. Because the possibility that a conviction may be used to enhance a claimant's future punishment has been held insufficient to satisfy the "in custody" requirement of §2254, the Court finds that Koepp's habeas petition should be considered moot and dismissed for these reasons. *See e.g., Brown,* 2013 WL 6044369 at*4; *Maleng*, 490 U.S. at 492 (citing *Carafas*, 391 U.S. at 238); *cf. Hendrix*, 888 F.2d at 338); *accord Steverson*, 258 F.3d at 524; *Pleasant*, 134 F.3d at 1258.

## V.    <u>Recommendation</u>

**IT IS RECOMMENDED** that Koepp's Petition for issuance of a Writ of Habeas Corpus filed pursuant to Title 28 U.S.C. § 2254 be **DENIED** and **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[35]

New Orleans, Louisiana this 10th day of April, 2014.

KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE

---

[35]*Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.